No. 1309

DAVID B. THOMPSON VS. G. C. WALKER, TESTAMENTARY EXECUTOR.

Where only a partial settlement of a partnership has been effected and where certain mat-
ters have been expressly reserved for future settlement and adjustment, an action will
properly lie for a further and complete settlement.

APPEAL from the Nineteenth District Court, Parish of St. Mary.
Allen, J.

Breaux & Renoudet for Plaintiff and Appellee.

D. Caffery for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This case was before us at our last term at this
place, upon exceptions filed by the defendant and maintained by the
lower court. We then reversed the judgment, overruled the exceptions
and remanded the case to be tried on the merits. Thompson vs.
Walker, 39 Ann. 892.

As stated in that opinion, the action is for a settlement of a partner-
ship between the parties.    One of the exceptions was that the partner-
ship had been finally settled.    We stated that this exception properly
belonged to the merits.

The defendant now answers setting up again that the partnership
has been fully settled, by a notarial act, and that the only matters
outstanding and which it is the object of the present action to recover,
are individual personal claims by plaintiff against defendant, which
cannot be enforced under the guise of an action for settlement and
against which he pleads prescription.

As indicated in our former opinion, the notarial act referred to
is not, and does not purport to be, a final settlement, but only
a partial one.    The matters touching which the present controversy
arises, were expressly exempted by the following language, viz: that
they " are hereby specially reserved in this settlement and are to
be finally adjusted, settled and concluded by referring the same
to arbitrators," etc.    The arbitrators have never been appointed or
called for by either party, and no offer or demand for arbitration is
now made.    Plaintiff's right to sue for a completed settlement of
the partnership so as to embrace these matters cannot, therefore,
admit of question.

They are matters arising out of the partnership relations and
recognized by both parties, in the notarial act referred to, as properly

involved in the partnership settlement, and defendant cannot now be heard to deny it.

The evidence leaves no doubt as to the correctness and justice of plaintiff's claims, and ᵗʰ˗ ᵒⁿˡʸ˗ᵒᵇⁱᵉᶜᵗ. of this technical defense seems to be to subject th⟨  ⟩                               They consist of funds retained by Walke⟨  ⟩                               ⟨  ⟩rtnership, out of the share coming to Thom⟨  ⟩      ⟨  ⟩ pretense of certain rights claimed by Walker which are the subjects of dispute and were reserved, as stated above, in the settlement. The effect of the judgment now rendered, is to settle this dispute, to complete the settlement and to award to Thompson his share of the partnership funds which had been retained by Walker, as liquidator.

Judgment affirmed.